IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Lonnie Smith,**

        **Plaintiff,**

v.                                                                                                  Case No. 08-2352-JWL

**Avcorp Business Systems, LLC,**

        **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff Lonnie Smith filed suit against his former employer, Avcorp Business Systems, LLC, alleging that his employer terminated his employment based on his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This matter comes before the court on defendant's motion for summary judgment (doc. 38). As will be explained, the motion is denied.

**I.     Facts**

The following facts are either uncontroverted or related in the light most favorable to plaintiff, the nonmoving party. Defendant hired plaintiff, an African-American male, as a sales representative in its Kansas City office in April 2007. During all times relevant to plaintiff's claim, George Proctor was the general manager of defendant's Kansas City office and Mr. Proctor made the decision to hire plaintiff. Mr. Proctor, like plaintiff, is African-American. During plaintiff's employment, plaintiff was the only African-American sales representative in defendant's Kansas City office. According to plaintiff, Mr. Proctor had a closed-door meeting

with plaintiff shortly after he was hired in which Mr. Proctor advised plaintiff that Mr. Proctor would require plaintiff to "perform better than the white guys" and that his expectations of plaintiff were higher because he was an African-American.

As a sales representative, plaintiff was responsible for selling defendant's mailing machines and he, like all other sales representatives, was required to become "certified" on his product demonstration skills for each machine that he was responsible for selling. The record reflects that in defendant's Kansas City office, sales representatives performed their product demonstrations for evaluation by either Mr. Proctor or Mike Burnett, defendant's sales manager during the relevant time period. In September 2007, six months after becoming a sales representative, plaintiff still had not become certified on his product demonstrations and, according to defendant, plaintiff had been allowed more time than any other sales representative to become certified. As such, in September 2007, Mr. Proctor decided "that the time had come" for plaintiff to either become certified on his demonstrations or cease his employment with defendant.

Toward that end, Mr. Proctor advised Mr. Burnett to provide plaintiff with a written "employee counseling" concerning the necessity for plaintiff to become certified on his product demonstrations. On September 18, 2007, Mr. Burnett provided plaintiff with a written employee counseling which, among other things, noted plaintiff's "unsatisfactory work performance" and that plaintiff had had numerous weeks to pass the product demonstration for the WJ110 (the smallest mailing machine sold by defendant) but had yet to pass it. The employee counseling advised plaintiff that he was required to pass the demonstration for the WJ110 on September 20,

2

2007 or he would risk the termination of his employment.

On September 20, 2007, plaintiff presented his product demonstration for the WJ110 to Mr. Proctor, who refused to certify plaintiff. According to plaintiff's evidence, Mr. Proctor certified two Caucasian sales representatives on the WJ110 during the same time frame. According to Mr. Burnett, the demonstrations of all three sales representatives (plaintiff and the two Caucasian representatives) "were all fairly close." According to plaintiff, Mr. Proctor refused to certify plaintiff despite the fact that his demonstration on the machine was similar to the demonstrations of the Caucasian sales representatives because Mr. Proctor, as promised, held plaintiff to a higher standard of performance than his Caucasian peers. In any event, Mr. Proctor did not certify plaintiff on the WJ110 and he made the decision to terminate plaintiff's employment the following day.

Additional facts will be related, as necessary, in connection with the court's analysis of defendant's motion and plaintiff's particular claims.

## II.    Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1258 (10th Cir. 2006). An issue of fact is "genuine" if "the evidence allows a reasonable jury to resolve the issue either way." *Haynes v. Level 3*

*Communications, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006). A fact is "material" when "it is essential to the proper disposition of the claim." *Id.*

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *Id.* (citing *Celotex*, 477 U.S. at 325).

If the movant carries this initial burden, the nonmovant may not simply rest upon his or her pleadings but must "bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which he or she carries the burden of proof." *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005). To accomplish this, sufficient evidence pertinent to the material issue "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein." *Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 675 (10th Cir. 2002).

## III.  Analysis

In the pretrial order, plaintiff asserts a single claim–that defendant terminated his employment on the basis of his race in violation of Title VII. Defendant moves for summary judgment on the grounds that plaintiff has not come forward with sufficient evidence to

4

overcome the "strong inference" of nondiscrimination that applies because Mr. Proctor made the decision to both hire and fire plaintiff within a relatively short time span. Concluding that plaintiff has come forward with sufficient countervailing evidence of pretext, the court denies defendant's motion.

Defendant, for purposes of its motion, concedes that plaintiff can establish a prima facie case of race discrimination concerning the termination of his employment and moves for summary judgment solely on the grounds that plaintiff cannot demonstrate that defendant's legitimate, non-discriminatory reason for terminating plaintiff's employment is pretextual–particularly in light of the "same actor" inference that applies. *See Antonio v. Sygma Network, Inc.*, 458 F.3d 1177, 1181, 1183 (10th Cir. 2006) (when applying same actor inference, if defendant meets burden of articulating legitimate, non-discriminatory reason for adverse employment action, summary judgment against plaintiff is warranted unless he or she shows "countervailing evidence" of pretext sufficient to dispel strong inference of nondiscrimination).

According to defendant's evidence, Mr. Proctor terminated plaintiff's employment because plaintiff failed to obtain his certification on his product demonstration for the WJ110. Defendant has satisfied its burden of production and the burden shifts back to plaintiff to demonstrate that defendant's proffered reason is pretextual. *Fischer v. Forestwood Co.*, 525 F.3d 972, 979 (10th Cir. 2008). To show that an employer's proffered non-discriminatory reason for an employment action is pretextual, "a plaintiff must produce evidence of such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy

5

of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." *Antonio*, 458 F.3d at 1183 (quoting *EEOC v. BCI Coca-Cola Bottling Co.*, 450 F.3d 476, 490 (10th Cir.2006)).

Defendant contends that, because Mr. Proctor hired and fired plaintiff within a relatively short time span, plaintiff is required to come forward with "egregious facts" to overcome the "strong inference" that defendant's proffered reason for terminating plaintiff's employment is not pretextual. The standard urged by defendant, however, has never been adopted by the Tenth Circuit. Indeed, while the Tenth Circuit has recognized that "same actor" evidence gives rise to a strong inference that no discriminatory animus motivated the employer's actions, the Circuit has emphasized that the inference is just that–an inference, rather than a presumption, such that the plaintiff "still has the opportunity to present countervailing evidence of pretext." *Id.* at 1183. The Circuit has never required that a plaintiff come forward with "egregious facts" to dispel the same actor inference.

The "egregious facts" standard articulated by defendant derives from the Fourth Circuit's opinion in *Proud v. Stone*, 945 F.2d 796 (4th Cir. 1991), a case cited with approval by the Tenth Circuit when it first recognized the same actor inference. *See id.* In *Proud*, an age discrimination case, the Fourth Circuit explained the rationale underlying the same actor inference:

> [C]laims that employer animus exists in termination but not in hiring seem irrational. From the standpoint of the putative discriminator, it hardly makes sense to hire workers from a group one dislikes (thereby incurring the psychological costs of associating with them), only to fire them once they are on the job. Therefore, in cases where the hirer and firer are the same individual and the

6

> termination of employment occurs within a relatively short time span following the hiring, a strong inference exists that discrimination was not a determining factor for the adverse action taken by the employer.

945 F.2d at 797 (citations and quotations omitted). The Fourth Circuit went on to explain that a discharge in this context might still be proven to have been discriminatory with the presentation of "egregious facts," but that in "most cases" involving the same actor inference, sufficient "countervailing evidence of pretext . . . will not be forthcoming." *Id*. at 798.

The *Proud* opinion is not persuasive to the court in the context of this case for two reasons. First, the Tenth Circuit's recitation of the same actor inference is certainly not as rigid as that espoused by the Fourth Circuit. Second, the rationale underlying the same actor inference as described by the Fourth Circuit–a decisionmaker's "dislike" of individuals in a protected group–does not apply here. In our case, an African-American manager hired and fired plaintiff. To be sure, there is no suggestion that Mr. Proctor terminated plaintiff based on a dislike of African-Americans. Rather, plaintiff's evidence suggests that Mr. Proctor may have genuinely desired that plaintiff succeed as a sales representative. However, perhaps because Mr. Proctor and plaintiff were the only African-Americans in the office, Mr. Proctor, according to plaintiff's evidence, established higher standards and unrealistic expectations for plaintiff such that plaintiff's success as a sales representative was rendered more difficult. In these circumstances, a rigid application of the same actor inference makes little sense.

For similar reasons, the court concludes that plaintiff has set forth sufficient countervailing evidence of pretext to overcome the same actor inference and withstand summary judgment. Plaintiff testified in his deposition that Mr. Proctor expressly advised plaintiff shortly

after he was hired that Mr. Proctor would require plaintiff to "perform better than the white guys" and that his expectations of plaintiff were higher because he was an African-American. Defendant contends that the court cannot consider plaintiff's testimony on this issue because it is "conclusory" and not corroborated by any other evidence in the record. Plaintiff's testimony is clearly not conclusory. Had plaintiff simply testified that Mr. Proctor held him to a higher standard of performance because of his race, then his testimony could fairly be characterized as conclusory. But plaintiff, in his deposition, relates specific facts about a closed-door meeting in which Mr. Proctor expressly advised plaintiff that he had higher expectations of plaintiff because of his race. This testimony satisfied plaintiff's burden under Rule 56(e). Moreover, the fact that plaintiff's testimony is not corroborated by other witnesses does not preclude the evidence from being sufficient to survive summary judgment.

In any event, plaintiff has come forward with additional evidence suggesting that Mr. Proctor in fact held plaintiff to a higher standard of performance based on his race. Mr. Proctor certified two Caucasian sales representatives on the WJ110 during the same time frame that he refused to certify plaintiff on the machine. According to Mr. Burnett, the demonstrations of all three sales representatives (plaintiff and the two Caucasian representatives) "were all fairly close." Viewing this evidence in the light most favorable to plaintiff, a reasonable jury could conclude that Mr. Proctor refused to certify plaintiff despite the fact that his demonstration on the machine was similar to the demonstrations of the Caucasian sales representatives because Mr. Proctor, as promised, held plaintiff to a higher standard of performance than his Caucasian peers.

Because plaintiff has come forward with evidence suggesting that the termination of his employment was based, at least in part, on his race, the court denies defendant's motion for summary judgment.[1]

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for summary judgment (doc.38) is denied.

**IT IS SO ORDERED.**

Dated this 31st day of July, 2009, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[1] Plaintiff has come forward with considerable additional evidence which he contends establishes pretext or otherwise demonstrates that his termination was based on race and defendant has asserted objections to much of this evidence on various grounds. Because the court concludes that plaintiff survives summary judgment without regard to this additional evidence, the court need not evaluate defendant's objections at this juncture.

9